**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| REV. GARY BRANCHO, | ) | CASE NO.  5:10cv1160 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| DREW ALEXANDER, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Rev. Gary Brancho ("Plaintiff") filed this action under 42 U.S.C. § 1983 against Summit County Sheriff Drew Alexander, Summit County Chief Deputy Gary James, the Summit County Jail Inmate Service Supervisor, and the Summit County Jail Inmate Services Workers on May 24, 2010. (Doc. No. 1.) The Complaint alleges Plaintiff was denied access to the courts, denied inmate programs, and denied religious accommodations, but it does not specify the relief sought. (*Id*.) Plaintiff filed an "Amended" Complaint on June 17, 2010. (Doc. No. 4.) Despite its name, this document appears to supplement the original Complaint, rather than amend it. In it, Plaintiff names as additional defendants Sergeant Mulhearn, Deputy J. Wolf, Aramark Food Services, and "Unnamed Deputy." (*Id*. at 2.) It also adds claims concerning denial of religious diet, retaliation, and health code violations, and it seeks punitive damages in the amount of $75,000. (*Id*. 1-6) For the purposes of this Memorandum of Opinion and Order, the Court shall analyze the claims contained in both the original Complaint (Doc. No. 1) and the "Amended" Complaint (Doc. No. 4). Further, it shall refer to both pleadings collectively

as the "Complaint" and individually as the "original Complaint" and the "'Amended' Complaint;" all citations shall be to the individual docket numbers of the pleadings. (Doc. No. 1 and Doc. No. 4, respectively.)

For all the reasons set forth below, the Complaint is **DISMISSED**.

**I.      BACKGROUND**

The Complaint contains few factual allegations. The original Complaint alleges Plaintiff was denied "proper copies to be filed" in federal court; that "Legal Aid" from Akron University would not help Plaintiff due to the nature of his federal lawsuit; and that Plaintiff was denied a legal aid kit, access to a law library, and reading materials, including textbooks, newspapers, and religious texts. (Doc No. 1 at 2.) The original Complaint also alleges that Plaintiff was denied inmate programs, such as, chemical dependency, anger control, and HIV education. (*Id*. at 3.) Finally, it alleges that Plaintiff was denied religious services, communion, confession, fellowship, prayer meetings, and a religious diet. (*Id*. at 2-3.) Summit County Sheriff Drew Alexander, Summit County Chief Deputy Gary James, the Summit County Jail Inmate Service Supervisor, and the Summit County Jail Inmate Services Workers are named as defendants in the original Complaint. (*Id.* at 1.)

In the "Amended" Complaint, Plaintiff reiterates some of the allegations of the original Complaint, and adds new claims and defendants. (Doc. No. 4.) It adds allegations that the Chaplains do not have "religious degrees" and re-alleges that Plaintiff was denied a religious diet. (*Id*. at 2.) It asserts, without explanation, that the newly named defendant Deputy Wolf "continues to 'retaliate'" against Plaintiff and that a deputy assaulted another inmate in "April or May." (*Id*. at 3.) It alleges: "J. Wolf is 100% in the

wrong for his P.I.'s written against Plaintiff and are entered into the computer system for the sentencing judge to read and the other deputy as well." (*Id.* at 4.) It also alleges that a memo went out to all deputies on September 9, 2009, concerning inmate workout attire. (*Id*. at 4.) Finally, it adds Aramark Food Services as a defendant, in relation to alleged violations issued by the Health Department. (*Id.* at 1, 6.)

## II. LEGAL STANDARD

Complaints filed by a *pro se* plaintiff must be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 US. 97, 106 (1976)). All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) […] requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3. A complaint must contain more than legal conclusions or a simple recitation of the elements of a cause of action to comply with Rule 8. *Id.* These pleading requirements apply to all plaintiffs, including those proceeding *pro se*. See *Garrett v. Belmon Co. Sheriff's Dept.,* No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010); *Nat'l Bus.*

*Devel. Serv., Inc. v. American Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 511 (6th Cir. 2008).

The district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e)(2).

## III. LAW AND ANALYSIS

Plaintiff asserts a number of claims in the Complaint that are not well defined. The Court liberally construes the Complaint's allegations concerning denial of copies, access to law library and reading materials and a legal aid kit as claims alleging denial of access to the courts, protected by the First Amendment. The Court liberally construes the Complaint's allegations concerning denial of religious services and diet as claims of violations of the Free Exercise Clause of the First Amendment. The Court liberally construes the Complaint's allegations concerning exercise restrictions, inmate assault, health code violations, and inmate exercise attire as claims of violations of rights protected by the Eighth Amendment. The Court shall also review the Complaint's allegations concerning retaliation, denial of inmate programming, and loss of "good days."

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

**A. Defendants**

To state a *prima facie* case under 42 U.S.C. § 1983, a complaint must assert that a person acting under color of state law deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint is very brief and contains no factual allegations under which defendants the Summit County Jail Inmate Services Workers, or the "Unnamed Deputy" might reasonably be said to be associated to any of the claims set forth by the Plaintiff. Indeed, other than the caption, there is no mention of these defendants in the Complaint. Accordingly, these defendants are dismissed from this action

It is possible, under a liberal reading of the Complaint, that Sheriff Alexander and Chief Deputy Sheriff Gary James may be said to be associated with Plaintiff's claims because these defendants presumably employ or supervise the individuals whose actions gave rise to the allegations contained in the Complaint. *Respondeat superior* is not, however, a proper basis for liability under § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Supervisors and employers cannot be held liable based solely on the right to control employees, or "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise,

5

control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays,* 668 F.2d at 874). There are no allegations in either of Plaintiff's pleadings suggesting defendants Alexander, or James may have encouraged the behavior giving rise to the claims or directly participated in it. Accordingly, these defendants are dismissed from this action.

**B. Access to Courts**

The Complaint alleges that Plaintiff was denied proper copies for "this Federal Court," a legal aid package, and other legal materials. (Doc. No. 1 at 2.) As stated above, the Court liberally construes these allegations as claims for denial of access to the courts, protected by the First Amendment. As a threshold matter, the Complaint associates no defendant with the access to court claims. Accordingly, dismissal of these claims is appropriate. Assuming, *arguendo*, that Plaintiff had alleged facts in the Complaint under which one could reasonably associate the claims to any defendants, the claims would nonetheless still be subject to dismissal for failure to state a claim, as explained below.

To state a claim for denial of access to the courts, Plaintiff must be able to demonstrate that he suffered actual injury as a result of the defendants' actions. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). This injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of

this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] *Lewis*, 518 U.S. at 355.

The Complaint does not allege facts which could ever give rise to an actual injury because the allegations cannot support a showing that Plaintiff was denied access to the courts for a direct appeal, habeas corpus petition, or civil rights action. Plaintiff indicates he was filing a case in federal court, which may or may not be this case, and states he was not provided with assistance to prepare his pleading. He claims he was not given proper copies, and other legal materials. Yet, Plaintiff fails to indicate the type of action or actions he was attempting to file, or how any of the defendants prevented him from proceeding with the action or caused the dismissal of an action.[3] Absent allegations that could support a showing of an actual injury caused by a defendant, Plaintiff has not stated a claim for denial of his First Amendment right of access to the courts. Dismissal of these claims is appropriate.

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

[3] Even if the Complaint did clearly indicate that Plaintiff was referring to *this* civil rights action, dismissal would nonetheless be appropriate, as Plaintiff would never be able to demonstrate any injury, because he was evidently not prevented by any defendant from pursuing these civil rights claims.

**C. Freedom of Religion**

The Complaint includes several allegations of denial of religious freedoms. Plaintiff's religious claims, in their entirety in the original Complaint, allege:

> *Whereas*. Plaintiff has been denied Religious services, worship services, communion, confession, religious fellowship/prayer meeting[.]
>
> *Whereas,* Plaintiff has been denied said religious diet. *Whereas* nondenominational jail chaplains have not attended and/or received biblical studies.

(Doc No. 1 at 3-4.)

Dismissal of these claims is warranted because no defendant is associated with them. The Complaint gives no indication of actions taken by any defendant that Plaintiff claims constituted a deprivation of any religious service. The Complaint, as written, gives the defendants no notice of the actions they allegedly took that gave rise to these claims. Dismissal, therefore, is appropriate.

Assuming, *arguendo*, that Plaintiff had alleged facts in the Complaint under which one could reasonably associate these claims to any defendant, it would nonetheless still be subject to dismissal because the Complaint does not allege a factual basis for these claims and gives no indication of the actions which Plaintiff claims constituted a deprivation of services. In short, the Complaint contains no factual allegations to support or explain the claims' legal conclusory statements. For example, it lists a number of religious practices that Plaintiff was alleged denied to participate, yet fails to indicate whether these denials were the result of a jail policy or the decision of one or more individuals. Accordingly, these claims do not meet the pleading requirements of Rule 8 and merit dismissal. *See Twombly*, 550 U.S. 555.

Plaintiff's religious claims in their entirety in the "Amended" Complaint, allege:

> *Whereas*, Plaintiff continues to appeal to the rightful chain of commanded [sic] and Plaintiff is refused, rejected, denied and violated concerning plaintiff's religious right to a 'religious diet' (Exhibit E, (2) two kites to Sgt. Mulhearn).[4] Which Sgt. Mulhearn and Inmate Service Supervisor[] has no 'religious training, education and/or religious degrees to base their denial of said 'religious deit' [sic] of Plaintiff, concerning Plaintiff [sic] tenants of his Christian faith, founded upon the Holy Bible, fasts, vows, oaths, and sacred committments [sic] and religious personal experience of the Plaintiff.

(Doc. No. 4 at 2).

To the extent that this language may be liberally read to construe claims against defendants Mulhearn and Inmate Service Supervisor for their participation in the denial of Plaintiff's grievances concerning the alleged denial of his religious diet, such claims merit dismissal. Firstly, Plaintiff has failed to allege facts under which he could establish allegations of a constitutional violation concerning this denial of religious diet. Defendants are simply not on notice of what Plaintiff's claim is or on the ground it rests upon. *See Conley*, 355 U.S. at 47. In any event, the "Sixth Circuit has held that a denial of an administrative grievance and the failure to remedy the alleged constitutional violation [does] not constitute sufficient involvement to establish liability." *Sheppard v. Jordee*, No. 07-14012, 2008 WL 4225465, at *3 (E.D. Mich. Sept. 9, 2008) (quoting *Sheehee*, 199 F.3d at 300). Defendants Mulhearn and Inmate Service Supervisor could not be found liable for their participation in the grievance process under any possible facts alleged in the Complaint.

---

[4] This refers to two grievance forms attached as Exhibits to the "Amended" Complaint in which Plaintiff grieved the alleged denial of religious diet while in Summit County Jail.

Accordingly, for the reasons stated above, Plaintiff's religious claims must be dismissed.

## D. Eighth Amendment

The Court liberally construes Plaintiff's allegations concerning restrictions on exercise, assault on another inmate, health code violations, and restrictions on inmate exercise attire as allegations of violations of rights protected by the Eighth Amendment.

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency;" routine discomforts of prison life do not suffice. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As a threshold matter, the Complaint fails to allege facts under which the objective component of this claim could ever be established concerning Plaintiff's alleged denial of the opportunity to attend an exercise program for inmates and his subjection to restrictions on exercise attire. As stated above, an Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *See Wilson*, 501 U.S. at 298; *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Plaintiff's allegations about the exercise program are not the type of deprivations which trigger Eighth Amendment scrutiny. Further, the Complaint fails to allege any facts under which the subjective component might be demonstrated. Indeed, no defendant, much less his culpability, is mentioned in this portion of the Complaint. This failure to associate these claims with any defendant warrants dismissal of the claims.

Plaintiff's claims that another inmate was physically assaulted by a corrections officer likewise fail to state a cognizable constitutional claim. While a physical assault may fall within the protections of the Eighth Amendment, claims asserted in a § 1983 action are personal to the injured party. *See Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). Plaintiff thus lacks standing to assert violations of another inmate's constitutional rights. Moreover, no defendant is associated with this claim. Accordingly, this claim merits dismissal. *See id.*

Finally, Plaintiff mentions at the end of the "Amended" Complaint that Aramark Food Services has over twenty health code violations. (Doc. No. 4 at 6.) The nature of these alleged violations are not described nor are any additional facts supplied; the claim states only a legal conclusion. (*See id.*) Legal conclusions, alone, are not sufficient to state a cause of action. *Iqbal*, 129 S.Ct. at 1949. This claim warrants dismissal.

Dismissal of all claims concerning allegations of restrictions on exercise, assault on another inmate, health code violations and restrictions on inmate exercise attire is warranted for the reasons set forth above.

**E. Retaliation**

The Complaint alleges that defendant Wolf retaliated against Plaintiff. It states that June 18, 2010 "is the date for Plaintiff's 'good days' that are approved by the sentencing judge." (Doc. No.4 at 4.) It then indicates that defendant Wolf "is 100% wrong for his P.I.'s written against Plaintiff and are entered into the computer system for the sentencing Judge to read." (*Id.*) The Complaint does not explain what "P.I.'s" are; however, they appear to be some type of conduct violations.

To state a *prima facie* case for retaliation, the Complaint must allege facts under which Plaintiff can establish that he engaged in protected conduct; that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Complaint fails to allege facts under which any of these criteria could be satisfied. For example, the

Complaint does not allege that Plaintiff engaged in protected conduct or that this conduct was in some way related to the issuance of the "P.I.'s." To state a constitutional claim, the Complaint must allege facts under which Plaintiff can show he exercised a constitutional right, but the alleged facts also must be able to demonstrate that adverse actions were taken against Plaintiff which were motivated, at least in part, by his exercise of that right. *Thaddeus-X*, 175 F.3d at 394. There are no facts set forth in the Complaint under which Plaintiff might be able to satisfy the elements of this cause of action. Dismissal is, therefore, warranted.

### E. Inmate Programming

The Complaint states that Plaintiff is being denied participation in several inmate programs, including programs for chemical dependency, anger control, HIV/Aids education, domestic violence, like skills, tutorial services, alcoholics anonymous, literacy instruction, narcotics anonymous, and others. (Doc. No. 1 at 3.) It fails, however, to identify any particular constitutional right or rights violated by the defendants concerning these alleged denials. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require [... the courts] to explore

13

exhaustively all potential claims of a *pro se* plaintiff, [... and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in the Complaint places an unfair burden on the defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state the federal constitutional provisions upon which Plaintiff intends to base this § 1983 claim.

Dismissal is, therefore, warranted.

**F. Loss of "Good Days"**

Finally, the Complaint suggests that Plaintiff may be losing his "good days." (Doc. No. 4 at 4.) It alleges that with good days counted, Plaintiff should be released on June 18, 2010. If he loses his "good days," he will be released at a later date. When a prisoner challenges the duration of his physical imprisonment, his only federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). He cannot seek relief under § 1983. Dismissal of this claim is, accordingly, merited.

IV.     CONCLUSION

        For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2), without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

        **IT IS SO ORDERED**.


Dated: October 14, 2010

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[5] 28 U.S.C. § 1915(a)(3) provides, in pertinent part: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."